Eastern District of Kentucky
F I L E D
JAN 10 2007
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-64-GWU

LORA E. PRIVETT,                                   PLAINTIFF,

VS:                      MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT,

## INTRODUCTION

Lora Privett brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

    1.      Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

    2.      Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

    3.      Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

    4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

    5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Privett, a 31 year-old woman with a high school equivalent education, suffered from impairments related to being status post a cerebrovascular accident with minimal left-sided weakness, non-insulin-dependent diabetes mellitus, obesity, anxiety with a panic disorder, borderline intelligence, and depression. (Tr. 30, 32). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 43). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 43). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 42).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question initially presented to Vocational Expert Linda

5

Sparrow included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) the need for sit/stand option in intervals of 1 hour; (2) an inability to more than occasionally climb, balance, bend, kneel, crouch, or crawl; (3) a need to avoid work at heights or around industrial hazards; (4) an inability to more than occasionally grasp, push, pull, or perform overhead work with the left hand; (5) a limitation to entry level work with only simple procedures and no frequent change of work routines; (6) an inability to ever perform problem solving, independent planning, or the setting of goals; and (7) a need to avoid more than occasional interaction with the general public. (Tr. 495). In response, the witness identified the light level job of gate keeper as well as the sedentary level jobs of dispatcher and surveillance monitor as remaining available. (Tr. 496). The ALJ then presented an alternative hypothetical question including such restrictions as an exertional limitation to sedentary level work restricted from a full range by such non-exertional restrictions as (1) standing restricted to less than six hours a day; (2) sitting restricted to less than six hours a day; (3) an inability to more than occasionally climb, balance, stoop, kneel, crouch, crawl or bend; and (4) an inability to use the left hand for prolonged lifting or standing. (Tr. 496). In response, the witness reported that the sedentary level jobs cited in response to the previous hypothetical question could still performed. (Tr. 496). Therefore, assuming that the vocational factors considered by Sparrow fairly depicted Privett's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The vocational factors considered by the vocational expert fairly depicted Privett's physical condition. The only restrictions placed on the claimant by Dr. Bobby Turner, a treating physician at the Baptist Regional Medical Center, was a

6

need to quit smoking and watch her diet. (Tr. 173). The only activity limitation noted by the staff at Marymount Medical Center was a need to quit smoking. (Tr. 163). Neither Dr. Humilidad Anzures (Tr. 324) nor Dr. Sudideb Mukherjee (Tr. 340), the non-examining medical reviewers, thought that the plaintiff's physical impairments were "severe." Such treating and examining sources as the staff at Jellico Hospital (Tr. 149-157), Dr. William Brooks (Tr. 178-184, 351), the staff at the Professional Home Health Care Agency (Tr. 185-257), Dr. Bernard Moses (Tr. 258-264, 407-431), and the staff at Baptist Regional Medical Center (Tr. 352-406) did not report the existence of more severe physical restrictions than those found by the ALJ. These reports provide substantial evidence to support the administrative decision.

Privett argues that the ALJ erred in rejecting the opinion of Dr. Arden Acob. (Tr. 39). Dr. Acob examined the plaintiff on two occasions in 2005 and completed a Functional Capacity Assessment form in which he indicated that the claimant would be limited to performing less than a full range of sedentary level work. (Tr. 452). The Court notes that the second hypothetical question presented to Sparrow was essentially consistent with these restrictions[1] and the vocational expert identified a significant number of jobs as remaining available for one so afflicted. Therefore, any error on the part of the ALJ in rejecting Dr. Acob's opinion appears harmless.

The ALJ also dealt properly with the evidence of record relating to Privett's mental condition. Dr. Kevin Eggerman examining the plaintiff and opined that she would be "mildly to moderately" limited in her ability to respond appropriately

---

[1] The only difference was Dr. Acob's reference to an unidentified "other" for the frequent lifting.

7

to work pressures and "mildly" limited in her ability to deal with the public, co-workers and supervisors and respond to changes in a routine work setting. (Tr. 270). The mental factors of the hypothetical question were essentially compatible with this opinion. Such treating and examining sources as the staff at the Cumberland River Comprehensive Care Center (Tr. 432-447) and Dr. Raquel Vasquez (Tr. 448-451) did not report the existence of more severe mental restrictions than those found by the ALJ. Neither Ann Demaree (Tr. 309) nor Ilze Sillers (Tr. 325), the non-examining medical reviewers, thought that the claimant's mental problems were "severe." Therefore, substantial evidence supports this portion of the ALJ's decision.

Norman Hankins, a vocational consultant, performed a vocational evaluation of Privett and administered the Purdue Pegboard test which measures an individual's dexterity and motor coordination. (Tr. 345-349). The plaintiff obtained very low scores on the Purdue Pegboard. (Tr. 347). The claimant asserts that the ALJ erred in failing to include these scores among his findings. However, under the Federal regulations, Hankins, a Doctor of Education (Tr. 349), is not an "acceptable medical source" whose opinion is binding on the ALJ. 20 C.F.R. Section 416.913. Therefore, the ALJ could properly reject this opinion and the Court finds no error.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the __10__ day of January, 2007.

G. WIX UNTHANK
SENIOR JUDGE